IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

JASON J. GUZMAN,                    )    CIV. NO. 09-00076 SOM/BMK
                                    )
          Plaintiff,                )    ORDER OF REMAND
                                    )
     vs.                            )
                                    )
BLOCKBUSTER, INC; JOHN DOES         )
1-10; DOE ENTITIES 1-10;            )
                                    )
          Defendants.               )
_____)


ORDER OF REMAND

I.        INTRODUCTION.

          Plaintiff Jason J. Guzman was fired by Defendant

Blockbuster, Inc., after it discovered that Guzman had lied on

his employment application.  Guzman sued Blockbuster in state

court, asserting a federal retaliation claim and state law

claims.  Blockbuster removed the case to federal court on the

basis of federal question jurisdiction and moved for summary

judgment on all claims.  This court granted Blockbuster summary

judgment on Guzman's federal claim, recognized that it had

supplemental jurisdiction over the state law claims, but ordered

supplemental briefing on whether this court also had diversity

jurisdiction over Guzman's state law claims.  After reviewing the

briefing, this court concludes that it lacks diversity

jurisdiction.  This court now declines to exercise supplemental

jurisdiction over Guzman's state law claims and remands the case

to state court.

II.        ANALYSIS.

          Federal courts have original jurisdiction over all
civil actions when the amount in controversy exceeds $75,000 and
there is complete diversity of citizenship.   28 U.S.C. § 1332.

          As there is no dispute that the parties' citizenship is
diverse, this court limits itself here to examining the amount in
controversy.   A defendant must prove, by a preponderance of the
evidence, that the amount in controversy exceeds $75,000.   Cohn
v. Petsmart, Inc., 231 F.3d 837, 840 (9th Cir. 2002); Sanchez v.
Monumental Life Ins. Co., 102 F.3d 398, 401 (9th Cir. 1996).   To
satisfy its burden, a defendant must state the underlying facts
showing that the amount in controversy exceeds $75,000.   Gaus v.
Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).   A court should
consider "the facts presented in the removal petition as well as
any 'summary-judgment-type evidence relevant to the amount in
controversy at the time of removal'" when determining whether a
defendant has satisfied its burden.   Valdez v. Allstate, Inc.,
372 F. 3d. 1115, 1117 (9th Cir. 2004) (quoting Matheson v.
Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.
2003)).

          Blockbuster says that Guzman sent it a settlement
letter demanding more than $300,000 and thereby establishing that
the amount in controversy exceeds $75,000.   A settlement letter

is relevant evidence of the amount in controversy only if it appears to reflect a "reasonable estimate" of the plaintiff's claim.  Cohn, 281 F.3d at 840.  Guzman's settlement letter is not reasonable because it sought an unavailable remedy and appears to have stated an inflated value of Guzman's claims.  Guzman sought about $300,000 in emotional distress damages.  However, Guzman had stipulated to dismiss his emotional distress claim in March 2009.  The settlement letter, sent in December 2009, sought damages for a claim that had been dismissed.

Guzman also sought $84,000 in settlement of his other claims, including the federal claim then in issue.  Guzman now states that his state law claims are worth $56,696.56.  Guzman's settlement letter seeking about $30,000 more was either based on inclusion of the federal claim on which this court subsequently granted summary judgment or apparently stated an inflated value of Guzman's claims.  It is understood that, when "trying to settle a claim, counsel will naturally will try to inflate its value."  Nawab v. Markel Ins. Co., 2009 WL 3517605, *1 (N.D. Cal. Oct. 26, 2009) (quoting Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44, 46 (M.D.N.C. 1997)).  For example, Guzman sought $71,000 to settle backpay claims, but he did not offset that amount by his earnings.  Having now reduced that amount, Guzman's backpay claim is about $50,000.

Guzman says that all of his remaining claims combined

3

are worth about $56,000.  This amount does not include the
federal claim, the intentional infliction of emotional distress
claim, or attorney's fees.  It is Blockbuster's burden to prove
that, at the time it removed this matter to this court, Guzman's
state claims, including the then-pending emotional distress
claim, exceeded $75,000 in value.  Blockbuster presents no
evidence that the state claims combined exceeded $75,000, noting
without more that damages and attorney's fees should figure into
the calculation.  These conclusory allegations fail to satisfy
Blockbuster's burden.

          Blockbuster says that Guzman's prayer for general,
special, and punitive damages automatically makes the amount in
controversy exceed $75,000.  Blockbuster relies on Haase v.
Aerodynamics Inc., 2009 WL 3368519, *4 (E.D. Cal. Oct. 19, 2009),
in which the plaintiff prayed for "general damages in excess of
the jurisdictional limits of the Superior Court" for each of its
two claims.  Because the jurisdictional limit was $25,000 for
each claim, the court concluded that the plaintiff sought at
least $50,000 in general damages.  Id.  Haase is inapplicable, as
Guzman does not expressly pray for damages in excess of any
jurisdictional limit.  To the contrary, Guzman seeks $56,696.56,
and no party presents any evidence that other state claims
pending at the time of removal, whether remaining at this time or
not, exceeded the difference between $75,000 and that figure.

4

At most, Blockbuster notes that Guzman seeks attorney's fees in addition to $56,696.56.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998) ("Where an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy."); see also Haw. Rev. Stat. § 378-5(c) (allowing a plaintiff to recover reasonable attorney's fees).  A defendant asserting diversity jurisdiction and relying on a plaintiff's claim for attorney's fees in that regard must provide evidence that would permit a reasoned calculation of those fees.  See Wilson v. Union Sec. Life Ins. Co., 250 F. Supp. 2d 1260, 1265 (D. Idaho 2003).  Blockbuster presents nothing to show that the combination of reasonable attorney's fees and damages will exceed $75,000 before final disposition of this case.  This court notes that, if he prevails, Guzman will be limited to fees that are reasonable in light of the damages he recovers.  Thus, if he recovers $56,696.56, that amount will guide a court in determining a reasonable fee award.

Although this court is well aware that many courts are split on whether a court may consider only attorney's fees accrued at the time of removal, or fees that can be reasonably anticipated at the time of removal to be incurred over the life of the case, this court finds that under either projection, attorney's fees is not such a significant amount that the amount in controversy exceeded $75,000 at the time of removal.

Compare <u>Simmons v. PCR Tech.</u>, 209 F. Supp. 2d 1029, 1034-35 (N.D.

Cal. 2002) ("Such fees necessarily accrue until the action is

resolved.  Thus, the Ninth Circuit must have anticipated that

district courts would project fees beyond removal.") <u>with</u>

<u>Faulkner v. Astro-Med, Inc.</u>, 1999 WL 820198, *4 (N.D. Cal. Oct.

4, 1999) ("When estimating attorney's fees for the purposes of

establishing jurisdiction, the only fees that can be considered

are those incurred as of the date of removal.").

          As this court lacks diversity jurisdiction, it must

decide whether to exercise supplemental jurisdiction.  When the

federal claims are dismissed before trial, it is within the

court's discretion to exercise jurisdiction over the remaining

state claims.  <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726

(1966).  However, needless "decisions of state law should be

avoided both as a matter of comity and to promote justice between

the parties by procuring for them a sure-footed reading of

applicable law."  <u>Id.</u> at 726.  Although the Supreme Court has

stated that dismissal or remand is not mandatory, it has also

recognized that, "in the usual case in which all federal-law

claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine--judicial

economy, convenience, fairness, and comity--will point toward

declining to exercise jurisdiction over the remaining state-law

claims."  <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7

(1988).

Because there are now only state law claims, and because this court lacks diversity jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining claims.  The court remands this case to state court.  <u>See Calsbad Tech., Inc. v. HIF Bio, Inc.</u>, 129 S. Ct. 1862, 1865 (2009) (noting that it is proper for a district court to remand a properly removed case to state court after declining to exercise supplemental jurisdiction over the state law claims); <u>Cohill</u>, 484 U.S. at 351 (a district court has discretion to remand a case to best accommodate the values of economy, convenience, fairness, and comity).

III.     <u>CONCLUSION.</u>

This court concludes that it lacks diversity jurisdiction over the state law claims.  The court declines to exercise supplemental jurisdiction over the state law claims and remands the case to state court.  In addition to sending a copy of this order to the parties in this matter, the Clerk of the Court is directed to send, pursuant to 28 U.S.C. § 1447, a certified copy of this remand order to the Clerk of the First Circuit Court, State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 9, 2010



_/s/ Susan Oki Mollway_

Susan Oki Mollway
Chief United States District Judge

<u>Guzman v. Blockbuster, Inc.</u>, Civ. No. 09-00076, SOM/BMK Order Of Remand